ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 3 1 2006
U.S. COURT OF FEDERAL CLAIMS

KING ASSOCIATES, A North Carolina Limited Partnership, CHARLIE B. SECRIEST, J. GARY THOMPSON, JAMES BOYCE FRAZIER, CECIL REID, FRED A. MILLER, RICHARD BRIDGES, and WILLIAM P. GOFORTH

Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

No. 06-554 C

CLASS ACTION COMPLAINT

Plaintiffs King Associates, Charles B. Secreist, J. Gary Thompson, James Boyce Frazier, Cecil Reid, Fred A. Miller, Richard Bridges, and William P. Goforth, (hereinafter "Named Plaintiffs"), on behalf of themselves and all others similarly situated, for their cause of action against the Defendant, the United States of America, states as follows:

Jurisdiction

1. This Court has jurisdiction over the cause of action in this case under 28 U.S.C. § 1491(a)(1).

Parties

2. Plaintiff King Associates is a North Carolina limited partnership, and owns land in Rutherford County, North Carolina.

3. Plaintiff Charlie B. Secreist is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

4. Plaintiff Charlie B. Secreist is a resident of the State of North Carolina and owns

land in Rutherford County, North Carolina.

5. Plaintiff James Boyce Frazier is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

6. Plaintiff Cecil Reid is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

7. Plaintiff Fred A. Miller is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

8. Plaintiff Richard Bridges is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

9. Plaintiff William Goforth is a resident of the State of North Carolina and owns land in Rutherford County, North Carolina.

<u>Factual Allegations</u>

10. Each of the Named Plaintiffs own an interest in land constituting part of the railroad corridor formerly operated by the Rutherford Railroad Development Corporation and Southeast Shortline, Inc. d/b/a Thermal Belt Railway, in Rutherford County, North Carolina.

11. The original rights to railroad corridor were obtained by Wilmington, Charlotte & Rutherford Railroad Company, by deed in February of 1856. The deed reads as follows:

> KNOW ALL MEN BY THESE PRESENTS, that we, whose names are hereto subscribed on this and the sheets hereto annexed, for and in consideration of contributing on our parts to the success of the Wilmington, Charlotte & Rutherford Railroad Company, and to enable it the more easily and certainly to accomplish its purpose of building their Railroad as proposed by the charter thereof; and for the further consideration of the sum of One Dollar to each of the assigned in hand paid by the said Company, the receipt whereof is hereby duly acknowledged, do each of us on our several and respective parts, give, grant and surrender to the Wilmington, Charlotte & Rutherford Railroad Company, the right of way in, over and upon any land or lands owned by us over which said Company may locate and establish their said road; the part and parcels of said land herein granted, with the right of way thereon, to be ascertained by the engineer of the Company, in strict conformity with the provisions, limitations, and

> restrictions of the charter incorporating the same, in the manner and intent if the same were condemned under and by virtue of the Twenty Sixth and Twenty Seventh Sections thereof: hereby granted to the said Company the right to enter upon the tract and parcels of land so ascertained as aforesaid, and thereon to mark off and construct their railroad, and also to construct and erect any Depots, Warehouses, Water Stations, Work Shops or other buildings, structures or appendages necessary to the proper accommodation full equipment, and best protection to the Company and its property, and the same to retain use and freely enjoy so long as it may and shall continue to be a corporation and exercise its corporate privileges.
> TO HAVE AND TO HOLD, all and singular the aforesaid lands, rights and privileges to said Wilmington, Charlotte & Rutherford Railroad Company, its successors forever,
> In testimony whereof we have hereto severally set our hands and fixed our seals, this 18th day of February, A.D. 1856.

12. After a series of consolidations and leases, the railroad corridor was operated by Southern Railway Company, pursuant to a lease agreement dated July 10, 1902.

13. On October 15, 1990, the Southern Railway - Carolina Division, conveyed by quitclaim deed, its interests in the corridor to the Rutherford Railroad Development Corporation ("RRDC").

14. In July 2000, Rutherford Railroad Development Corporation and Southeast Shortlines, d/b/a Thermal Belt Railways jointly applied for abandonment exemption from the Surface Transportation Board ("STB"), the federal administrative agency with jurisdiction over railroads and rail corridors.

15. In that same month the Bechtler Development Corporation ("Bechtler") filed a request for a Notice of Interim Trail Use under the National Trails System Act, 16 U.S.C. § 1247(d). The STB, on August 25, 2000, issued a Notice of Interim Trail Use ("NITU") which provided for a 180-day period for the railroad and Bechtler to reach an agreement with Bechtler containing certain conditions.

16. On May 26, 2000, RRDC, Thermal Belt, and Bechtler, entered into a Discontinuance and Abandonment Agreement under which Bechtler purported to take control of the rail corridor for recreational trail use.

17. Beginning in 2001, Bechtler began removing all of the ties and ballast on the former railroad corridor. Bechtler has now completed that process and is operating the former rail corridor as a recreational trail.

18. The Named Plaintiffs are the owners of interests in land adjoining or constituting part of a railroad corridor on which the above-named railroad companies had a right to operate a railroad, and which corridor is now or has been occupied or controlled for trail use by reason of the order for interim trail use ("Trail Use Order") issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1241 et seq.

19. The issuance and implementation of the Trail Use Order in relation to the property of the Named Plaintiffs deprived the Named Plaintiffs of their rights to possession, control and enjoyment of their land following the cessation of railroad operations and constitutes a taking of the Named Plaintiffs' property for public use without just compensation, for which the Fifth Amendment to the United States Constitution requires that just compensation be paid.

20. By reason of the issuance and implementation of the Trail Use Order aforesaid, the Named Plaintiffs have suffered damaged by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order.

Class Action Allegations

21. The Named Plaintiffs bring this action as the Representatives of a Class consisting of all persons who own an interest in land adjoining or constituting part of the railroad corridor

formerly operated by Southeast Shortlines, d/b/a Thermal Belt Railways in Rutherford County, North Carolina, that is now occupied and controlled for trail use, pursuant to the National Trails System Act,16 U.S. C. § 1247(d), and who have claims by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

22. This action is brought by the Named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Rules of the United States Court of Federal Claims.

23. The Named Plaintiffs may bring this action as a representative of the Class for the following reasons:

(a) The requirements of RCFC 23(a)(1) are met because the Class, which is believed to exceed 200 members, is so numerous that joinder of all members is impracticable;

(b) The requirements of RCFC. 23(a)(2) are met because questions of law and fact exist that are common to the Class as further set out in paragraphs 24 and 25 below;

(c) The requirements of RCFC 23(a)(3) are met because the claims of the Named Plaintiffs are typical of the claims of the Class;

(d) The requirements of RCFC 23(a)(4) are met because the Named Plaintiffs will fairly and adequately protect the interests of the Class as further set out in

paragraphs 26 and 27 below;

(e) The requirements of RCFC 23(b)(1) are met because the United States has acted on grounds generally applicable to the class; and

(f) The requirements of RCFC 23(b)(2) are met because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Common questions of fact exist and predominate over questions of fact affecting only individual members of the Class. Such common questions include:

(a) whether the agreements between the railroad and the trail sponsor or interim users, pursuant to the Trail Use Order issued by the Surface Transportation Board, for the acquisition, management and use of the railroad corridor for interim trail users resulted in the loss of Class members' rights to the full possession of their land; and

(b) whether the Trail Use Order issued by the Surface Transportation Board, deprived owners of land or interests in land of full possession, control, and enjoyment of the land that is subject to the Trail Use Order.

25. Common questions of law exist and predominate over questions of law affecting only individual members of the Class. Such common questions include:

(a) where the railroad obtained a right-of-way by deed or conveyance, whether under the laws of the State of North Carolina the railroad obtained an interest in fee simple or an easement in the parcels constituting the rights-of-way subject to the Trail Use Order; and

(b) where the railroad only obtained an easement and Class members have a valid property interest in the rights-of-way, whether the making of Trail Use Order pursuant to the Rails-to-Trails Act, 16 U.S. C. § 1241 et seq., which deprives Class Members of possession, control, and enjoyment of their land, amounts to or involves a taking of Class members' property by authority of the United States for public use without just compensation.

26. The Named Plaintiffs have no interests adverse to the interests of the Class.

27. Counsel retained by the Named Plaintiffs are experienced in handling class actions concerning railroad right-of-way ownership issues and is experienced in the law and procedures of the Interstate Commerce Commission, the Surface Transportation Board, and the National Trails System Act, as well as other real estate litigation, and will fairly and adequately represent the interests of all Class Members.

PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs on their own behalf and on behalf of all Class Members pray:

(1) for judgment against the United States;

(2) for just compensation for the property and/or property interests taken by the United States;

(3) for interest at the lawful rate from the date of the taking of an interest in the property of Named Plaintiffs and Class Members until the judgment is paid;

(4 for recovery of costs and attorneys' fees;

(5) for such other and further relief as the Court deems proper.

Respectfully submitted,

DAVID A. COHEN

THE CULLEN LAW FIRM
1101 30th Street, N.W.,
Suite 300
Washington, D.C. 20007
Tel: 202- 944-8600
Fax: 202-944-8611

Dated: July 31, 2006

OF COUNSEL:
TOMBLIN & FARMER, PLLC
A. Clyde Tomblin
Joshua B. Farmer
Andrea G. Farmer
421 W. Main Street
Spindale, NC 28160
Tel: 828-286-3866
Fax: 828-286-4820